The opinion of the court was delivered by
Watkins, J.
Appellant was convicted of grand larceny, and sentenced to imprisonment at hard labor in the penitentiary. He complained of the judge’s refusal to quash the venire from which the grand jury was drawn, and of his appointment of an attorney at law to take the place of the District Attorney. The former ruling, his counsel assigns as error in this Court, and the illegality of the said appointment is made the ground of a motion in arrest of judgment in the lower court.
I.
The appellant’s complaint of the venire is, that it was drawn by less than a quorum of the jury commissioners, and is, therefore, defective, the grand jury drawn therefrom illegal, and the indictment bad.
*84 The motion to quash alleges that W. L. Brown, Jr., one of the jury coftimissioners who participated in the drawing of the venire, was disqualified and incompetent to act, because he was, at the time, holding and exercising the office of school director, and was an acting and duly qualified member of the parish school board, and having accepted said office, and qualified as such school director subsequently to his appointment and qualification as jury commissioner, he is conclusively presumed to have abandoned the latter, and became disqualified to- exercise the functions thereof.
Hence, his act in assisting to draw the venire was illegal, and the venire was defective because it was drawn by only two qualified and competent jury commissioners, and two is less than a quorum — the jury commission consisting of five members. See. 3, Act 44 of 1877.
On trial the motion was overruled, but no bill of exceptions was reserved to the judge’s ruling. Confessedly, the record of the proceedings of the jury commission shows that there were three members participating in the drawing of the venire, and it necessarily follows that the onus probandi was on appellant to show by evidence de hors the record, the disqualification of Brown. This he attempted to discharge, and there is some evidence in the transcript on that subject. But it is not in our power to review it, as it is unaccompanied by a bill of exceptions taken to the judge’s ruling. The assignment of errors filed in this court is unavailing.
“Error lies only to matters of record.” Whar. Cr. Pld. and Prac., Sec. 777; State vs. Trotwell, 5 An. 24; State vs. Taylor, 11 An. 430; State vs. Jackson, 12 An. 679.
In State vs. White, 37 An. 173, it was said that “ evidence was heard, and the court overruled the motion to quash. No bill of exceptions was taken to the ruling of the court. We can not notice the evidence found in the record, the same not being embodied in a bill of exceptions.” State vs. Nelson, 32 An. 842.
Had the venire shown upon its face, that less than a quorum of the jury commissioners had participated in drawing it, a question of law would have been raised upon the record, and the overruling of a motion to quash it, on that ground, could have been assigned as error here, and we would have had jurisdiction to decide it; but as thevenire appears to have been signed by a quorum of the commissioners and the question of the legality of the act of one of them is matter in pais, and dependent on proof, a bill of exceptions should have. *85 been reserved and the evidence annexed thereto. Without such a bill of exceptions the evidence is improperly in the record, and can not be examined and considered. State vs. Nelson, ante. State vs. Seiley, 4 An. 143.
The motion in arrest of judgment assigns that the trial judge had no legal right or constitutional power to appoint an attorney at law to act in the place and. stead of the District Attorney; and, if he had, the record shows that the one he appointed was not qualified according to law, by subscribing the requisite oath of office. It further alleges that “any law or statute which conferred such authority upon said court is unconstitutional, null and void, and in violation of Article 124 of the Constitution.”
As a matter of fact, the minutes show that the District Attorney had procured from the' Governor, a leave of absence for a period of sixty days, and upon same being filed in court, the judge appointed an attorney at law in his stead “to attend to all cases and matters * * in which the State may be interested, or in any wise concerned. * * Whereupon in open court * * said attorney was duly sworn and qualified as District Attorney appointed as aforesaid,” etc.
This order was made on the 20th of March, 1889, and on that day the court was adjourned until the 14th of November, 1889. It further appears that the case was taken up for trial on the 17th of October, 1889, and at once disposed of; but it does not appear that the District Attorney was absent at the time, or that the attorney appointed was present, or took any part in the trial.
It is therefore apparent that the appellant has no interest in the question.
It is, however, not improper to observe that all of the questions of law raised on the motion in arrest have just been decided in State vs. Johnson.
There is no merit in this appeal.
Judgment affirmed.